IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| DANIEL CARLTON JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 316-054 |
| | ) |
| LYNN SHEFFIELD, Sheriff; | ) |
| SUSAN COLLINS; and | ) |
| LT. TOMMY BARRENTINE, Assistant | ) |
| Jail Administrator, | ) |
| | ) |
| Defendants. | ) |

_____

**O R D E R**
_____

Plaintiff, a prisoner at Dodge County Jail in Eastman, Georgia, has submitted a complaint for filing and seeks to proceed *in forma pauperis* ("IFP"). However, it is unclear whether Plaintiff is attempting to assert a complaint pursuant to 42 U.S.C. § 1983, or a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. Plaintiff alternately alleges (1) he is currently being denied due process because he has not been provided notary services, law library access, and access to the courts, and (2) he was denied due process in his underlying criminal case. (See generally doc. no. 1.) As relief, Plaintiff requests withdrawal of his guilty plea and modification of his sentence.

If Plaintiff intends to seek money damages and/or injunctive relief challenging the conditions of his confinement, he must bring a complaint pursuant to 42 U.S.C. § 1983. If Plaintiff is seeking to challenge his underlying conviction, such a challenge must be presented in a petition for a writ of habeas corpus. See Nelson v. Campbell, 541 U.S. 637,

643 (2004) (explaining that claims challenging the fact of an inmate's conviction or the duration of an inmate's sentence "fall within the 'core' of habeas corpus"). Moreover, because it is unclear whether Plaintiff intends to proceed with a habeas corpus case or § 1983 civil rights case, it is also unclear whether Plaintiff, through his IFP motion, is contending he cannot pay the $5.00 habeas corpus filing fee or the $350.00 filing fee for an IFP civil rights complaint.

Accordingly, the Court **DIRECTS** Plaintiff to re-file his complaint either as a habeas petition under 28 U.S.C. § 2254 or a civil rights complaint under 42 U.S.C. § 1983 within twenty-one days of the date of this Order. The Court **DIRECTS** the **CLERK** to attach to Plaintiff's copy of this Order, copies of the standard form for § 2254 petitions and the standard form for complaints under 42 U.S.C. § 1983. Failure to comply with this Order will result in the Court recommending that this case be dismissed without prejudice. Once Plaintiff makes this filing, the Court will consider the merits of Plaintiff's IFP motion.

SO ORDERED this 9th day of August, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA